JOHN WRIGHT & ASSOCIATES, INC., a corporation, Plaintiff,

v.

Harold R. ULLRICH, Ora G. Jones, Jr., E. R. Quinn, Mrs. E. S. Hall, S. B. Foot, individually and as members of the T. B. Sheldon Auditorium Board of the City of Red Wing, Minnesota, City of Red Wing, Minnesota, John B. Friedrich, Philip S. Duff, Jr., Red Wing Publishing Co., James Fraser, 20th Century-Fox Film Corporation, United Artists Corporation and Paramount Film Distributing Corporation, Defendants.

No. 3–59–Civ.–169.

United States District Court
D. Minnesota,
Third Division.

Aug. 1, 1960.

Fryberger, Townsend & Ewing, by R. H. Fryberger, Minneapolis, Minn., for plaintiff.

Bundlie & Kelley, by Mandt Torrison, St. Paul, Minn., for defendants.

DEVITT, Chief Judge.

 I very much doubt that plaintiff has a cause of action against these motion picture distributors, but that isn't to say that it shouldn't have an opportunity to come into court and attempt to prove it. And to grant summary judgment would be to deny it that opportunity. Our superiors on the Court of Appeals have repeatedly admonished us to grant summary judgment only in very exceptional cases. Principles to be applied are fully announced in Traylor v. Black, Sivalls & Bryson, Inc., 8 Cir., 189 F.2d 213, at page 216, as follows:

"A summary judgment is to be entered in a case if, but only if, the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure. A summary judgment upon motion therefor by a defendant in an action should never be entered except where the defendant is entitled to its allowance beyond all doubt. To warrant its entry the facts conceded by the plaintiff, or demonstrated beyond reasonable question to exist, should show the right of the defendant to a judgment with such clarity as to leave no room for controversy, and they should show affirmatively that the plaintiff would not be entitled to recover under any discernible circumstances. Ramsouer v. Midland Valley R. Co., D.C.Ark., 44 F.Supp. 523, reversed on other grounds, 8 Cir., 135 F.2d 101. A summary judgment is an extreme remedy, and, under the rule, should be awarded only when the truth is quite clear. American Insurance Company v. Gentile Brothers Company, 5 Cir., 109 F.2d 732; Shultz v. Manufacturers & Traders Trust Company, D.C.N.Y., 1 F.R.D. 451; Drittel v. Friedman, D.S.N.Y., 60 F.Supp. 999; U. S. ex rel. Ryan v. Broderick, D.C.Kan., 59 F.Supp. 189. And all reasonable doubts touching the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment. Sarnoff v. Ciaglia, 3 Cir., 165 F.2d 167."

A more recent case enunciating the same principles is Kennedy v. Bennett, 8 Cir., 261 F.2d 20.

 The plaintiff insists that there is a fact issue as to the involvement of the motion picture distributors in the claimed monopoly. From as much as I have heard, I doubt if it can show it, but it must have its chance to do so, and hence the denial of the motion for summary judgment.