Carl M. COOPER, a Minor, by His Next Friend, Barbara J. Cooper, His Mother, Appellant,

v.

Charles FINKE, d/b/a Finke Monument Works, Respondent.

No. 49973.

Supreme Court of Missouri,

Division No. 2.

Feb. 10, 1964.

Rehearing Denied and Opinion Modified March 9, 1964.

Hungate & Grewach, William L. Hungate and P. J. Grewach, Troy, Niedner, Niedner & Moerschel, St. Charles, for appellant.

Alexander & Robertson, L. A. Robertson and Ernest E. Baker, St. Louis, B. Richards Creech, St. Charles, for respondent.

STORCKMAN, Presiding Judge.

This is an appeal from a summary judgment rendered in favor of the defendant in a personal injury action seeking damages in the sum of $50,000 on account of the alleged negligence of the defendant in the maintenance of a display of tombstones, monuments and grave markers in an open yard, one of which fell on the plaintiff and injured him. The plaintiff was fourteen years of age at the time he was injured; he sued by his mother as next friend.

The defendant's motion for summary judgment, or in the alternative, to dismiss plaintiff's petition, after stating in substance the contents of the petition, further alleges:

"3. As shown by plaintiff's deposition taken on the 4th day of October 1962, pages 3 to 52 inclusive, and also from plaintiff's deposition taken on November 21, 1962, pages 3 to 16 inclusive, together with defendant's exhibits A and B, plaintiff is 14 years old, a first year student at Buchanan High School located in Troy, Missouri, and he sustained his alleged injury about 8:00 to 8:30 PM when it was dark. That plaintiff and his younger brother left the Southern Air Restaurant after finishing their meal, telling his mother he was going to sit in the automobile parked outside and wait outside of said restaurant for his mother and the other members of his family to come out to the car. Plaintiff and his brother played around the cars parked on

the parking lot of the Southern Air Restaurant, and then crossed a public street to this defendant's display yard at a time when defendant's place of business was closed, and began playing around the monuments by climbing on and over them, and plaintiff then began rocking a tall monument back and forth until it fell over on him.

"4. For grounds of this motion this defendant states that there is no genuine issue as to any material fact, and that this defendant is entitled to a judgment as a matter of law because plaintiff was a trespasser at the time of sustaining his alleged injuries, and for the further reason that plaintiff's petition fails to allege facts sufficient to state a cause of action against this defendant, and this defendant relies on the pleadings filed herein and the several depositions taken on behalf of the defendant, as well as defendant's exhibits A and B, and also upon the depositions taken at the request of plaintiff's attorneys and filed of record." The prayer of the motion was for a summary judgment against the plaintiff and in favor of the defendant in accordance with Civil Rule 74.04, V.A.M.R.

One of the attorneys for the plaintiff filed an affidavit in opposition to defendant's motion for summary judgment in which the affiant denied that the defendant was entitled to a summary judgment, asserted facts substantially as alleged in plaintiff's petition and concluded that there was a genuine issue as to material facts and that no grounds existed justifying the entry of a summary judgment for the defendant.

The plaintiff's petition alleges in substance that defendant operates a business selling tombstones, monuments and grave markers in Wentzville, and in furtherance of said business displays tombstones, monuments and grave markers outdoors on a lot which is unfenced and which adjoins a highly traveled public street; that the monuments and grave markers are solid stone and in some cases very heavy; that the monuments on display are placed on temporary stands without being cemented to, bolted to or permanently attached thereto; that the bottom surfaces of the tombstones and the top surface of the temporary stands are irregular and unsmooth and projections on said surfaces which cause the tombstones, monuments and grave markers to be unsteady and easily rocked and swayed and tilted back and forth; that for several years prior to April 24, 1962, the above-described condition regarding the tombstones, grave markers and monuments continued to exist and children entered the yard and were attracted to and played among the tombstones, monuments and grave markers and rocked and swayed and tilted the aforesaid tombstones, monuments and grave markers, and defendant knew thereof for a number of years; that defendant knew of the unsteady condition of the tombstones and monuments displayed in the yard and knew that it involved an unreasonable risk of serious bodily injury to the children playing among the tombstones and monuments; that on April 24, 1962, plaintiff entered the above-described display yard of defendant and began to rock a tall, heavy monument back and forth and it fell over on plaintiff, causing his injury.

The defendant's first pleading was a motion to dismiss plaintiff's petition for failure to state a cause of action. This motion was withdrawn and the defendant then filed an answer which admitted the ownership and operation of the business, denied or put the plaintiff on proof of all other allegations, and affirmatively pleaded contributory negligence. Thereafter, the cause was set for hearing but before the trial date arrived the defendant filed his motion for summary judgment or, in the alternative, to dismiss. The substance of the motion is above set out. On January 7, 1963, the motion for summary judgment was presented, submitted, and taken under advisement; on January 8, 1963, it was sustained and judgment was rendered for the defendant. The court's ruling was incorporated in the following memorandum: "Defendant's motion for summary judgment

now having been duly considered, the Court finds from the plaintiff's pleadings and depositions that the defendant is entitled to judgment as a matter of law, and his motion for summary judgment is granted. It is therefore ordered and adjudged that plaintiff take nothing by his petition, and that the defendant stand discharged with his costs. Counsel notified. (In reaching this decision, the Court has particularly relied on the cases of Patterson v. Gibson, Mo., 287 S.W.2d 853; Baker v. Praver, Mo., 361 S.W.2d 667, and those cited in the annotation of 28 A.L.R.2d 220)."

Discovery depositions taken by both parties have been forwarded to this court. On October 4, 1962, the defendant took the depositions of the plaintiff Carl M. Cooper, his brother Steve Cooper, and his mother Barbara Jean Cooper. On November 21, 1962, the defendant further examined the plaintiff and also took the depositions of his sister Linda Louise Cooper and his aunt Betty Lee Mills. These two sets of depositions, however, were not filed in the Circuit Court of St. Charles County until January 9, 1963, which was the day after the circuit court sustained the defendant's motion for summary judgment and entered judgment against the plaintiff. Civil Rule 74.04(c) relating to summary judgment procedures provides that: "Judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions *on file,* together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Italics added. Counsel for the defendant in his brief and oral argument properly concedes that the depositional testimony of the plaintiff and the other witnesses taken on October 4 and November 21, 1962, cannot be relied on to support the judgment because the depositions were not *on file* when the motion for summary judgment was considered and decided. These are the depositions referred to in paragraph 3 of the motion for summary judgment.

On October 4 and November 21, 1962, depositions of the defendant Charles Finke and his wife Katie Finke were taken on behalf of the plaintiff. These depositions having been filed in the circuit court on December 14, 1962, were on file when the motion for summary judgment was submitted and determined. According to these depositions, the accident occurred after dark at about 8 p. m. It was after business hours and neither the defendant, his wife, nor any of his employees were present at the time. The defendant described the premises and gave the dimensions, construction and weight of the monument involved. It was set on a level concrete base with a piece of plaster lath at each corner but was not caulked to the base as it would be when erected in a cemetery. The defendant testified that he never saw children play among the monuments and never had any reports of children so playing.

■ Civil Rule 74.04, V.A.M.R., relating to summary judgment procedures, is practically identical with Rule 56 of the Federal Rules of Civil Procedure. 28 U.S.C.A., Rules 52 to 58, p. 302, and 1963 Cumulative Pocket Part. The federal rule had been in existence for many years when the Missouri rule was adopted in 1960. Thus the federal decisions construing Rule 56 are particularly persuasive in applying the Missouri rule.

■ The appellate court as well as the trial court must view the record on summary judgment in the light most favorable to the party against whom the judgment is rendered. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 473, 82 S. Ct. 486, 7 L.Ed.2d 458; United Mine Workers of America, District 22, v. Roncco, 10 Cir., 314 F.2d 186, 188 [5, 6]; Dulansky v. Iowa-Illinois Gas & Electric Co., 8 Cir., 191 F.2d 881, 884 [3]; Purity Cheese Co. v. Frank Ryser Co., 7 Cir., 153 F.2d 88, 89 [1, 2]; McMahon Bros. Realty Co. v. United States Fidelity & Guaranty Co., D.C., 217 F.Supp. 567, 568 [2]; 3 Barron and Holtzoff, Federal Practice and Procedure,

Rules Edition, § 1235, p. 138. Subdivision (h) of Missouri Civil Rule 74.04 is not a part of the federal rule but is practically a codification of the federal decisions on the subject. It provides that: "In no case shall a summary judgment be rendered on issue triable by jury or the court without a jury unless the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law."

3 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, § 1232.1, states that: "Summary judgment will not usually be as feasible in negligence cases, where the standard of the reasonable man must be applied to conflicting testimony, as it is in other kinds of litigation." In negligence cases the procedure is ordinarily used to attack some essential feature of plaintiff's case such as agency rather than the failure of one of the parties to use due care.

■■ As its name indicates, a summary judgment is an extreme and drastic remedy and great care should be exercised in utilizing the procedure. Traylor v. Black, Sivalls & Bryson, Inc., 8 Cir., 189 F.2d 213, 216 [6]; Garner v. Triangle Publications, Inc., D.C., 97 F.Supp. 546, 549 [6]; John Wright & Associates, Inc., v. Ullrich, D.C., 26 F.R.D. 19, 20 [1]; 35B C.J.S. Federal Civil Procedure § 1135, p. 525. Although it is useful and beneficial in many situations, it cannot be substituted for a conventional trial of factual issues "unless the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law." Civil Rule 74.04(h), V.A.M.R.; Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458.

■ Where, as here, depositions are taken for discovery purposes, it would seem to be the better practice to call attention in the motion for summary judgment to the particular part of the deposition upon which the movant is relying to support his motion. Also it would seem desirable for the motion to specify with particularity the essential issues of the case which the movant seeks to disprove or establish as grounds for the entry of summary judgment. Nevertheless, for the purpose of this case, we will include the depositions of the defendant and his wife as a part of the record along with the pleadings and other matters contained in the transcript of the record.

■ Essentially this record shows that the plaintiff, a boy, fourteen years of age, entered the defendant's display yard and "begun to rock a tall, heavy monument back and forth and after the monument began to rock it fell over upon the plaintiff" and injured him. The defendant contends that the plaintiff had reached an age of discretion where the attractive nuisance doctrine no longer applied to him, that the tombstone was not an attractive nuisance, and that the plaintiff was injured by casual negligence if there was any negligence at all. With reference to the age of discretion, he cites Shaw v. Chicago & A. R. Co., Mo., 184 S.W. 1151, 1154 [5], which holds that it would be a very exceptional state of facts which would render the doctrine of attractive nuisance applicable to a strong and intelligent girl, 15½ years old. Also cited is Van Alst v. Kansas City, 239 Mo.App. 346, 186 S.W. 2d 762, in which a boy, fourteen years of age, who dived into a pool in order to show his companions that he could swim and was drowned, was held to be contributorily negligent as a matter of law; but the same case holds that on the question of a minor's contributory negligence, his mental capacity, regardless of age, must be considered and the question is usually for the jury. A review of the cases cited and others leads us to conclude that the age of the plaintiff and the other allegations of the petition are insufficient to justify a holding as a matter of law that the plaintiff is guilty of contributory negligence. Boyer v. Guidicy Marble, Terrazzo & Tile Co., Mo., 246 S.W.2d 742, 748 [12]. This is not to say that such a holding would not be justified at the trial after there is an opportunity to examine and cross-examine the witnesses and

develop the relevant facts and circumstances. Dulansky v. Iowa-Illinois Gas & Electric Co., 8 Cir., 191 F.2d 881, 883 [2].

■ The plaintiff claims that his petition states a cause of action under Hull v. Gillioz, 344 Mo. 1227, 130 S.W.2d 623, on the attractive nuisance doctrine. On this we express no opinion because it is unnecessary to do so. But the petition does allege that by reason of the construction of the tombstones and the manner in which they are displayed they were "unsteady and easily rocked and swayed and tilted back and forth" and that children for several years prior to the happening were attracted to the monument display and rocked, swayed and tilted them—all with the defendant's knowledge. Whether this can be supported by substantial proof is another question. But on the record before us, the defendant has not demonstrated by "unassailable proof" that he is entitled to be declared free of all negligence as a matter of law. Civil Rule 74.04 (h), V.A.M.R.

Our holding is that on the record before us this is not a proper case for rendering a final judgment on a motion for summary judgment. In view of this decision, it is not necessary to pass on other questions presented by the plaintiff other than his contention that the trial court should have entered judgment in his favor on the issue of defendant's negligence because the defendant's motion admitted the allegations of the plaintiff's petition and that the issue of damages should be remanded for a jury trial.

The defendant asserts that the relief cannot be granted because the petition fails to state a claim and the pleadings present issues of fact. The trial court did not rule the sufficiency of the petition and there is no occasion for us to do so. The two procedures have different attributes. Because it likewise does not appear by unassailable proof that the defendant is guilty of negligence and that the plaintiff is free of contributory negligence, we cannot assess that issue on the motion for summary judgment.

Accordingly the judgment is reversed and the cause remanded.

All of the Judges concur.