**GASEN'S DRUG STORES, INC.,**
**Plaintiff-Appellant,**

v.

**JONES ENTERPRISES, INC., et al.,**
**Defendants-Respondents.**

No. 31387.

St. Louis Court of Appeals.

Missouri.

March 16, 1965.

.Alfred W. Petchaft, Robert J. Schaap, St. Louis, for plaintiff-appellant.

Murphy & Roche, John T. Murphy, Jr., St. Louis, Ziercher, Tzinberg, Human & Michenfelder, Robert C. Jones, Clayton, for defendants-respondents.

G. DERK GREEN, Special Commissioner.

This is an appeal from a Summary Judgment rendered in favor of defendants. For a proper consideration of the questions raised by the parties, it is necessary to set out in some detail the allegations of the pleadings and the contents of the affidavits, depositions and exhibits submitted in the presentation of the Motions for Summary Judgment.

Plaintiff's Second Amended Petition attempts to state three causes of action and is divided into four sections designated by Roman Numerals I, II, III and IV. Section I sets out the corporate character of plaintiff, defendant Jones Enterprises, Inc., defendant Jones Development, Inc., defendant Metro Construction, Inc., and defendant Katz Drug Company; that Adam Henry Jones, Jr., Kendrick A. Jones, Richard F.

Jones and Kathleen M. Jones are the officers and stockholders of all the outstanding capital stock in Jones Enterprises, Inc., and Jones Development, Inc.; that defendants Adam Henry Jones, Jr. and Mary Catherine Jones, his wife, are officers and stockholders of all the outstanding capital stock of Metro Construction, Inc. and that all are residents of the County of St. Louis.

In Section II, in what appears to be the first count or first cause of action, it is alleged that in June, 1955, Plaintiff entered into a lease with Jones Enterprises for use of a storeroom " * * * to form a part of the Shopping Center to be known as FLORISSANT MEADOWS SHOPPING CENTER, located at the intersection of Lindsay Lane and Highway #140, in the County of St. Louis, State of Missouri, more particularly described and designated by its legal description as follows: * * *" with the tract described by metes and bounds, which tract will hereinafter be referred to as Tract No. 1. The lease provided that it was for " * * * the purpose of dispensing, selling, storing and displaying drugs and other items commonly sold in a Gasen Drug Store." The lease provided for the maintenance of a parking lot " * * * for the benefit of the SHOPPING CENTER generally and for the benefit of the lessee * * *."

The clause that affords the primary basis for the cause of action here attempted to be stated is as follows: "Lessor agrees that it will not lease or permit to be used any property owned or controlled by it, directly or indirectly in the SHOPPING CENTER described above, for the purpose of operation of a pharmacy or 'Drug Store' as that term is commonly understood."

Plaintiff alleges that although the stock of defendant Metro Construction Company, Inc. is in the name of Adam Henry Jones, Jr. and Mary Catherine Jones, his wife, said corporation is " * * * managed and directed by Adam Henry Jones, Jr. as a part of and in conjunction with the real estate and related business operations of

Jones Enterprises, Inc. and Jones Development, Inc. Said defendant Metro Construction Co., Inc., is in reality a part of the family business enterprises of the said Adam Henry Jones, Jr. and his brothers and sister, Kendrick A. Jones, Richard F. Jones, and Kathleen M. Jones, and is operated by Adam Henry Jones, Jr. for the benefit of said family enterprise * * *." It is alleged that these individual defendants, acting for themselves and the defendant corporations, Jones Enterprises and Jones Development, and with knowledge of the terms of plaintiff's lease, caused Metro Construction Company to be formed and to take title to an additional tract of real estate directly adjacent to and in extension of said FLORISSANT MEADOWS SHOPPING CENTER, which tract will hereinafter be referred to as Tract No. 2; that the additional tract was developed as a continuous and inseparable part of the aforesaid FLORISSANT MEADOWS SHOPPING CENTER with common continuous frontage. It is alleged that the defendants " * * * acting individually and through said Metro Construction Co., Inc. * * *" entered into a lease with defendant Katz Drug Company for the operation of a drug store in Tract No. 2 in violation of the contract with plaintiff. Plaintiff alleges that defendant Katz Drug Company had actual knowledge of plaintiff's lease and of its terms prior to the making of the lease between Katz and Metro Construction Company.

In Section III of the petition, plaintiff "[f]or its second cause of action * * *" refers to and incorporates therein allegations contained in the preceding part of the petition, alleging further that if it should be required to proceed by an action of law, the plaintiff would be forced to file a multiplicity of suits and plaintiff is therefore entitled to invoke the aid of the Court of Equity to avoid the multiplicity of suits.

In Section IV, the plaintiff "[f]or its third cause of action * * *" refers to and incorporates pertinent parts of the preceding portion of the petition and refers

to the clause in plaintiff's lease providing for maintenance of a parking lot for the benefit of plaintiff and alleges that this clause has been violated by defendants having entered into an agreement referred to as "a parking privilege agreement," whereby it was provided that there should always be free interchange of parking privileges throughout the two tracts and that there should be no barriers or obstructions to interfere with free access by persons in either tract to the other.

Plaintiff alleges that thereafter, and notwithstanding the provision of his lease, defendants Metro Construction Company, Inc., Jones Enterprises, Inc., Adam Henry Jones, Jr., Kendrick A. Jones, Richard F. Jones, Kathleen M. Jones and Mary Catherine Jones, acting through defendant Metro Construction Company, Inc., executed an agreement by which they secured to the defendant Katz Drug Company " * * parking privileges on the portion of said Florissant Meadows Shopping Center to which plaintiff's leased premises are appurtenant * * *." Plaintiff further alleges that the granting of this right to defendant Katz Drug Company is a wrongful and improper invasion of the customer-parking rights secured to plaintiff by the parking provision of plaintiff's lease.

Plaintiff asks that the defendants other than Katz Drug Company be restrained and enjoined from permitting any other person, firm or corporation other than plaintiff to engage in the dispensing, storing and displaying of drugs and other items commonly sold in drug stores within the premises owned and controlled by the defendants or any one of them in the property described as being in the two tracts of land herein referred to.

Plaintiff further asks that the lease between defendants Metro Construction Company, Inc., and Katz Drug Company be rescinded or modified to preclude said Katz Drug Company from conducting a retail drug business or retail drug department in this area; that the parking privilege agree-

ment between defendants whereby parking rights in Tract No. 1 are given to and for the benefit of Katz Drug Company be rescinded and canceled and that the matter be referred to a master or referee for accounting.

This Second Amended Petition was filed on January 17, 1962. On January 25, 1962, defendants Jones Enterprises, Inc., Jones Development, Inc., Kendrick A. Jones, Richard F. Jones and Kathleen M. Jones refiled to plaintiff's Second Amended Petition their Motion for Summary Judgment, together with supporting affidavits and exhibits theretofore filed. Thereafter on January 26, 1962, defendants Metro Construction Company, Inc., Adam Henry Jones, Jr. and Mary Catherine Jones filed their Motion for Summary Judgment, with supporting affidavits. Thereafter on February 16, 1962, defendants Metro Construction Company, Inc., Adam Henry Jones, Jr. and Mary Catherine Jones filed additional affidavits in support of their Motion for Summary Judgment. On February 21, 1962, defendant Katz Drug Company filed its Motion for Summary Judgment, with supporting affidavit. On August 13, 1962, the court entered its order sustaining the separate motions of the defendants for summary judgment.

■ In order to sustain the trial court's judgment, it must appear from the pleadings, depositions, admissions and affidavits on file that there was no genuine issue as to any material fact and that the defendants were shown thereby by unassailable proof to be entitled to judgment as a matter of law. Supreme Court Rule 74.04, V.A. M.R.; Whitaker v. Coleman, 5 Cir., 115 F. 2d 305; 5B C.J.S. Appeal and Error § 1794, Note 60.5; 4 C.J.S. Appeal and Error § 226; Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed. 2d 458; Cooper v. Finke, Mo., 376 S.W.2d 225.

Considering first the third cause of action, plaintiff alleges a violation of the lease on the theory that defendants have con-

tracted for the use of the parking area for the benefit of third persons for a purpose prohibited by the lease. It would appear from consideration of the petition and attached exhibits that lessor defendants provided for the use of this property, concededly within the original tract described in plaintiff's lease, Tract No. 1, by defendant Katz Drug Company. This presents two issues: First, that this "parking privilege" agreement violates plaintiff's lease by depriving plaintiff and its customers of full use of the parking area within Tract No. 1 and for which plaintiff contracted to pay upkeep and maintenance; second, that this "parking privilege" agreement violates the restrictive covenant of plaintiff's lease by permitting a portion of the property described in Tract No. 1 to be used for the " * * * operation of a pharmacy or 'Drug Store' as that term is commonly understood."

The parking lot provision of plaintiff's lease with Jones Enterprises, Inc. states that "[t]he lessor agrees to provide for the duration of the lease, for the benefit of the SHOPPING CENTER generally and for the benefit of the lessee, a parking lot provided with an all-weather surface. * *" It also provides for the maintenance and lighting of said parking lot and the payment for these based upon the number of square feet in said SHOPPING CENTER occupied by the lessee. It also provides that the parking lot-building area ratio will never be less than three square feet of parking area for every square foot of building area.

■ From the pleadings, the contract and exhibits, it appears that parking space and parking privilege was an important part of plaintiff's lease and of the other contracts made by defendants. It seems to be considered by the parties essential for the " * * * operation of a pharmacy or 'Drug Store' as that term is commonly used." If this is true, an issue is presented as to whether or not the parking privilege agreement was in violation of plaintiff's contractual rights to have this parking space established and maintained for plaintiff's benefit. Also, an issue was presented as to whether or not this "parking privilege" agreement providing for parking in Tract No. 1 by and for the benefit of defendant Katz Drug Company was in violation of the restrictive covenant against use of the property in this tract " * * * for the purpose of operation of a 'Drug Store' * * *." A careful examination of the pleadings and exhibits does not reveal any proof that plaintiff's position is not correct. In fact, these questions are ignored in all affidavits and exhibits filed by defendants. To require opposing affidavits or warrant summary judgment for failure to controvert, the supporting affidavits must be made on personal knowledge, set forth facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. Supreme Court Rule 74.04(e). An issue is presented and should be submitted to the trier of the facts, and it was error to sustain Motion for Summary Judgment as to the third cause of action.

■ Defendant Katz Drug Company contends that its motion was properly sustained because it had no knowledge of any covenants restricting the use of the land described in its lease. To support this, Katz filed affidavit of David Blond, who says that he is executive vice-president of the Katz Drug Company and that prior to its lease with Metro Construction Company " * * * said Katz Drug Company had no knowledge whatsoever concerning any covenants or agreements restricting the use of the land above described, and does not now have any such knowledge." The land described and referred to in said affidavits is Tract No. 2. This does not deny knowledge of plaintiff's lease, the terms thereof, or the restrictive covenants in question. It states a contention that the covenants did not restrict the use of the land in Tract No. 2, but it is not a statement of fact that would require counter affidavit or evidence. The Katz motion could not be sus-

tained on this ground. Supreme Court Rule 74.04.

Considering the first and second causes of action stated in plaintiff's petition, there appears to be no dispute with reference to the corporate status of plaintiff and of defendants Jones Enterprises, Inc., Jones Development, Inc., Metro Construction Co., Inc., and Katz Drug Company. It is alleged and not disputed that defendants Adam Henry Jones, Jr., Kendrick A. Jones, Richard F. Jones and Kathleen M. Jones are brothers and sister and the officers and stockholders of all the outstanding capital stock in Jones Enterprises, Inc. and Jones Development, Inc. and that defendants Adam Henry Jones, Jr. and Mary Catherine Jones, his wife, are the officers and stockholders of all the outstanding capital stock in Metro Construction Co., Inc. There is no dispute as to the plaintiff's lease, its execution and terms. Plaintiff alleges that although all of the stock of Metro Construction Co., Inc. is owned by Adam Henry Jones, Jr. and Mary Catherine Jones, his wife, it is in reality a part of the family business enterprises of the said Adam Henry Jones, Jr., Kendrick A. Jones, Richard F. Jones and Kathleen M. Jones and is operated for the benefit of all of said brothers and sister named. Plaintiff undertakes thereby to state that Tract No. 1 and Tract No. 2 are owned or controlled by the same parties in interest although held in the names of the different corporations; that Tract No. 2 was acquired by the same ownership as Tract No. 1 for the purpose of developing it as an extension or part of the FLORISSANT MEADOWS SHOPPING CENTER mentioned in plaintiff's lease. Plaintiff's petition presents these issues: 1. Was Tract No. 2 owned or controlled by the same parties who owned Tract No. 1 and who entered into the contract with plaintiff containing the restrictive covenants. 2. Did plaintiff's lease restrict the use of only the property described in Tract No. 1 or did it restrict the use of any property owned or controlled by the same lessor and forming a part of

the FLORISSANT MEADOWS SHOPPING CENTER referred to in plaintiff's lease although outside the boundaries of Tract No. 1. 3. If the first two issues are determined in the affirmative, was Tract No. 2 actually an extension of and an integral part of the FLORISSANT MEADOWS SHOPPING CENTER referred to in plaintiff's lease, or was it a separate and distinct SHOPPING CENTER located adjacent to the one established on Tract No. 1. It might be more simply stated thus: Was the land leased to Katz Drug Company and the land leased to plaintiff owned or controlled by the same party or parties and was the land leased to Katz Drug Company " * * * directly or indirectly in the SHOPPING CENTER * * * " described in plaintiff's lease.

In determining whether or not there is a genuine issue as to any material fact, the court must consider all of the pleadings, depositions and admissions on file, together with the affidavits, if any, filed by the parties. Supreme Court Rule 74.04; Cooper v. Finke, Mo., 376 S.W.2d 225. In doing this, the trial court and the appellate court must view the record in the light most favorable to the party against whom the judgment is rendered and the judgment cannot be sustained unless the prevailing parties are shown by unassailable proof to be entitled thereto as a matter of law. Supreme Court Rule 74.04; Cooper v. Finke, Mo., 376 S.W.2d 225; Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 473, 82 S.Ct. 486, 7 L.Ed.2d 458; 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Sec. 1235, P. 138.

Defendants Metro Construction Co., Inc., Adam Henry Jones, Jr. and Mary Catherine Jones, in support of their Motion for Summary Judgment, filed the affidavit of Erwin Tzinberg, their attorney. This affidavit contains no pertinent fact that could be testified to by the witness which is not shown by the pleadings, but simply calls the attention of the court to a paragraph of the plaintiff's Second Amended Petition

which states that the store constructed by defendant Metro Construction Co. is on " * * * an additional tract of real estate * * *" and that said store is in fact located on a tract of land other than described by metes and bounds in the lease to plaintiff.

Also filed therewith is the affidavit of Adam Henry Jones, Jr. This affidavit states that none of the defendants, excepting Adam Henry Jones, Jr. and Mary Catherine Jones, own or have any interest in the Metro Construction Co., Inc.; that said Metro Construction Co., Inc., is not and never has been a part of the Jones family enterprises, and that it was not formed and organized to acquire an additional tract of land adjacent to the FLORISSANT MEADOWS SHOPPING CENTER. These statements are in direct contravention of the allegations of the petition. It is noted, however, that this affidavit does not state that the Metro Construction Co., Inc. is not managed and operated for the benefit of all of the named individual defendants, and it does not attempt to state that the land owned by Metro Construction Co. and referred to as Tract No. 2 was not in fact a part of the FLORISSANT MEADOWS SHOPPING CENTER.

The affidavit of David Blond referred to above and which was filed with the Motion for Summary Judgment of the Katz Drug Company states no pertinent fact which, if true, would entitle that defendant to a judgment as a matter of law. This affidavit refers to its lease with Metro Construction Co., Inc., describes Tract No. 2 and states that prior to the time of the execution of the lease the Katz Drug Company had no knowledge concerning any covenants or agreements restricting the use of the land in Tract No. 2. It further states that the real estate in Tract No. 2 is not a part of the real estate mentioned in plaintiff's Second Amended Petition, all of which appears from the petition itself.

To counter these affidavits, or to show that a genuine issue exists, the plaintiff asks the court to consider the plaintiff's amended petition which is verified by William A. Baumgarth, vice-president of Gasen Drug Stores, Inc.; the deposition of Adam Henry Jones, Jr. filed herein, and the affidavit of Alfred W. Petchaft, plaintiff's attorney, with the exhibits attached thereto. The verified First Amended Petition states that Metro Construction Co. is in reality a part of the family business enterprises of the individual defendants named and is operated for the benefit of said family enterprise and for the benefit of plaintiff's lessor Jones Enterprises, Inc. It states that the activities of Metro Construction Co. were carried out by funds supplied by Jones Enterprises, Inc. and Jones Development, Inc. and that in applying for various building permits and in the building permits issued pursuant to such applications, defendants Adam Henry Jones, Jr., Kendrick A. Jones, Richard F. Jones and Kathleen M. Jones were listed and shown as the owners of Tract No. 2 as an addition to the FLORISSANT MEADOWS SHOPPING CENTER and referred to as the FLORISSANT MEADOWS SHOPPING CENTER.

The affidavit of Alfred W. Petchaft filed by plaintiff to controvert the defendant's motions recited the affiant's personal observation of the two tracts of land and attached photographs showing the parking lot of the FLORISSANT MEADOWS SHOPPING CENTER, the signs erected thereon and the location of various buildings in these two tracts of land, and stated that the two tracts constituted a single and unitary SHOPPING CENTER having a completely unobstructed unitary paved parking lot extending across the entire front thereof and that the entire area, both Tracts 1 and 2, was identified by large posts or pylons supporting a lighted sign reading "FLORISSANT MEADOWS SHOPPING CENTER"; that there had been numerous advertisements published by the defendant Katz Drug Company, designating its drug store on Tract No. 2 as being in the FLORISSANT MEADOWS

SHOPPING CENTER, with said advertisements or copies thereof attached to and incorporated in the affidavit.

This affidavit further stated that the affiant had spent considerable time in this area and had repeatedly observed automobiles entering and driving through from one tract to the other and observed individuals walking from one tract to the other and that both tracts were as one SHOPPING CENTER. The photographs accompanying the affidavit support the statements made by the affiant concerning the signs, lighting and location of buildings. The advertisements in the St. Louis Post Dispatch submitted with this affidavit support the affidavit in that it reveals that the Katz Drug Company was advertised as being in the FLORISSANT MEADOWS SHOPPING CENTER and the map, or plat, shown in said advertisement emphasizes and points out this area.

In the deposition of Adam Henry Jones, Jr. filed herein, he testified that he is the vice-president of defendant Jones Enterprises; that Richard F. Jones is president of that company, and Kendrick A. Jones is another vice-president thereof. He states that he considers Jones Enterprises " * * * as being a holding corporation * * * " in that it owns and holds title to real estate and operates and manages such real estate. He states therein that Jones Development, Inc. is another corporation that does the leasing for these different projects and that he is president of that company; that the stock of Jones Enterprises is owned by the same persons who own the stock in the Jones Development, Inc. He is not sure whether Jones Development, Inc. was organized at the time of the execution of plaintiff's lease or whether he acted as an officer of Jones Enterprises entirely in this transaction. His testimony was that Jones Enterprises owned " * * * that entire tract of land from St. Dennis Lane running" south along Highway 140 toward the City of Hazelwood; that the northernmost boundary of FLORISSANT MEADOWS SHOPPING

CENTER is St. Dennis Lane and the western boundary is Highway 140 and that it runs south from St. Dennis approximately 1200 feet and that the entire area is the FLORISSANT MEADOWS SHOPPING CENTER; that neither Jones Enterprises nor Jones Development has entered into any lease with the Katz Drug Company, but that the Metro Construction Co. with which he is associated had entered into such a lease, and that it was signed sometime around September, 1960. He states that he is the president of the Metro Construction Co. and his wife is vice-president and that the two of them own all of the stock of said company and when asked who the other officers of the company were, he said, "I frankly am not too familiar with the other setup in there." That the property on which the Katz Drug Company's lease applies is owned by the Metro Construction Co.; that this property is contiguous to Tract No. 1 upon which plaintiff's lease applies; that there is no intervening property and the south line of Tract No. 1 abuts directly upon the property owned by Metro Construction Co. and referred to as Tract No. 2; that there will be no fence or barrier between the two properties and never will be; that the parking lot on Tract No. 1 will continue uninterruptedly into the parking lot on the property owned by the Metro Construction Co.—Tract No. 2—and there will be no line of demarcation between the two lots. He refers to the Katz Drug Store as being in the FLORISSANT SHOPPING CENTER and says that the word "MEADOWS" has been left out because it is in Florissant; that the FLORISSANT MEADOWS SHOPPING CENTER is also in Florissant; that the drug store building being erected for and leased to Katz is directly adjacent to the Tract No. 1 and that the Katz Drug Store will be the major part of the buildings erected and occupied on Tract No. 2. He testifies that there is a common parking agreement between Metro Construction Co. and Jones Enterprises, agreeing to a common parking lot.

Identified and offered in evidence in connection with this deposition is an advertisement referred to as a four-page piece of literature that witness states was sent out by the Jones Development, Inc., advertising the leasing of space in the FLORISSANT MEADOWS SHOPPING CENTER. Witness had authorized and approved the copy showing a map or drawing of the area, with a circle drawn around what is designated as the SHOPPING CENTER. The witness was shown a news story in the St. Louis Post Dispatch on Friday, September 9, 1960, with reference to the Katz Drug Company store but stated that he had nothing to do with the news release or the article. Witness was handed what was called "another publication" announcing the signing of the lease with the Katz Drug Company, in which reference was made to the property as in the FLORISSANT MEADOWS SHOPPING CENTER, but stated that he knew nothing about this news release. He stated that there had been no advertisements concerning the new shopping development owned and operated by Metro Construction Co. and that he had no descriptive literature concerning it. He stated that the property in Tract No. 2 had only been recently acquired from its former owners and there had been no negotiations with the owners for the property prior to the year preceding. He says that the title to the property in Tract No. 2 was acquired from the former owner by outright purchase in the name of Metro Construction Co.; that it was bought for cash with funds from the Metro Construction Co., but that the money was borrowed from Jones Enterprises, Inc.; that Metro Construction Co. borrowed money from Jones Enterprises, Inc. to finance the purchase of Tract No. 2; that there was no writing to evidence the transaction; that it was a purely verbal arrangement and that approximately $100,000 was put up by Jones Enterprises for this purpose; that there was no recorded mortgage securing the loan; that no note had been signed, but that a note would be signed

upon the basis of the agreement that had been previously made.

Taken at the same time and also filed herein was the deposition of Kendrick Jones, one of the defendants, and therein he stated that he was one of the vice-presidents, apparently referring to defendant Jones Enterprises, although not specifically stating which company he meant. He stated that generally he had the same understanding of the facts to which his brother, Adam Henry Jones, had testified; that he was in no way connected with Metro Construction Co.; that he did not know where the offices of the Metro Construction Co. were located; that the offices of Jones Enterprises were located at 580 Lindbergh and the offices of Jones Development Co. were at the same place, and that his brother, Adam Henry Jones, had desk space and secretarial assistance at that same address; that he did not know where the files and records of Metro Construction Co. were kept; that he was familiar with the loan transaction between Jones Enterprises and Metro Construction Co. and approved of it. Adam Henry Jones further testified in the deposition that the offices of Metro Construction Co. were at 131 Frontenac Forest, St. Louis 31, Missouri, which was at the home of the witness, Adam Henry Jones, and that he conducted all business of Metro Construction Co. out of his home.

■ The advertisement of the Katz Drug Store in the St. Louis Post Dispatch of August 18, 1961, referring to its new store at 460 N. Lindbergh, states that it is " * * * in the FLORISSANT-MEADOWS SHOPPING CENTER," and also calls attention to the fact that there is "parking for over 1500 cars." Nothing in the affidavits, depositions or exhibits filed indicates with certainty whether this 1500-car parking space is limited to Tract No. 2 or includes the parking facilities of both Tract No. 1 and 2. It would logically appear from the plat or drawing filed as an exhibit that accommodation for this number of cars would require a parking

**504**

space larger than shown in Plat No. 2. From the pleadings, affidavits, depositions, admissions and exhibits, the court must determine whether or not there is any genuine issue as to any material fact, and whether or not defendants are entitled to a judgment as a matter of law. Before the summary judgment can be sustained, it must appear by unassailable proof that the defendants are so entitled. The Appellate Court, as well as the trial court, must view the record in the light most favorable to the party against whom the judgment is rendered. Great care should be exercised in utilizing this procedure. The burden is upon the person seeking the summary judgment to establish the facts to show that there is no genuine issue for trial.

According to the pleadings, depositions and affidavits on file, the named individual defendants are brothers and sister and their respective spouses. It is to be concluded that these defendants were engaged in various business ventures which are properly referred to as a family enterprise. All of these defendants are interested in, and hold stock in, at least two of the defendant corporations and all have an interest in the third corporation, Metro Construction Co., whether owning stock in said company or not. It would appear from the affidavits, allegations and depositions that the capital for this company was advanced from funds in which all of the family had an interest and in circumstances justifying further development of the allegation that the Metro Construction Co. was, in fact, a part of the family enterprise and that all of the individual defendants had an interest in said company.

Certainly these affidavits, exhibits and depositions are not sufficient to establish as a matter of law that there is no issue as to the ownership or control of Tract No. 2. These affidavits, exhibits and depositions do not establish as a matter of law that the property described in Tract No. 2 is not now a part of what is referred to as FLORISSANT MEADOWS SHOPPING CENTER and within the meaning of the plaintiff's lease restricting the use of any property owned or controlled by the lessor " * * * directly or indirectly in the SHOPPING CENTER described above * * *."

Plaintiff contends that the punctuation of this clause of the lease should be interpreted to mean that the restriction applies to any property owned or controlled by the lessor whether said property is directly in the shopping center, as described by metes and bounds in the plaintiff's lease, or indirectly in said shopping center by virtue of being within the area developed as the FLORISSANT MEADOWS SHOPPING CENTER, but outside of the property described by metes and bounds in Tract No. 1. The affidavits, depositions and exhibits on file do not necessarily resolve this question against the plaintiffs. The clause is subject to the interpretation that plaintiff gives it and the question should be developed after issue is joined by pleading, and the finding should be made thereon by the trial court after hearing all of the evidence.

From the record before this court, the defendants have not demonstrated by "unassailable proof" that plaintiff is not entitled to some relief. It has not been established that there is no genuine issue as to any material fact or that defendants are entitled to a judgment as a matter of law. For the reasons stated, the judgment of the trial court sustaining the motions filed by defendants and entering summary judgment in favor of defendants should be reversed and the cause should be remanded. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion by GREEN, Special Commissioner, is adopted as the opinion of the Court. The judgment is reversed and the cause remanded.

RUDDY, P. J., and WOLFE and ANDERSON, JJ., concur.