Norman W. PALLME and Lenore Pallme, his wife, John Charles Moeslein and Angelein Moeslein, his wife, Plaintiffs-Respondents,

v.

Ervin G. ROTT and Charise L. Rott, his wife, Defendants-Appellants.

No. 33153.

St. Louis Court of Appeals.

Missouri.

April 15, 1969.

Edward C. Schneider, Harry A. Frank, St. Louis, J. W. Thurman, Hillsboro, for defendants-appellants.

Anderson, Anderson & Brooking, Hillsboro, for plaintiffs-respondents.

BRADY, Judge.

This appeal presents two issues for our ruling: First, is this a proper case for summary judgment? If our answer is in the affirmative we reach the second issue; i. e., whether the judgment on the law rendered by the trial court was erroneous. We will refer to the parties by their designation in the trial court.

Plaintiffs, alleging ownership of Lots 9 and 10 in Block Two of Arnold Terrace Subdivision, filed a petition for an injunction seeking to permanently enjoin and restrain defendants from "* * * using or permitting their property to be used for purposes other than residential purposes as set out in the restrictions" and requiring defendants to tear down and remove a sign which they had erected on their premises in the subdivision. The allegations of the petition were that defendants, who owned a part of Lot 8 in Block Two of the subdivision, had purchased a portion of Lot 7 in that block and on the latter property had erected a "large commercial sign reading: 'Hy. 141 Exit Maxville Meadows Brick Homes Hy. 141 Maxville Ervin G. Rott, Inc. VI 2 0790'". It was further alleged that the restrictions of said subdivision had been recorded in the office of the Recorder of Deeds for the county in which the subdivision was located and a copy was attached to the petition as plaintiffs' Exhibit A; that the restrictions originally stated: "'All lots in the subdivision are restricted for private residential purposes only'"; that these restrictions have been changed in the manner provided therein for such changes to be made, that such changes were recorded in the office of the Recorder of Deeds for the applicable county so that this provision in the restriction now reads: "'All lots in this subdivision are restricted for private residential purposes only, except Lots 1, 11, 12 and 13 which said lots may be used either for residential or commerical purposes'" (a copy of these changes was attached to the petition as plaintiffs' Exhibit B); that the restrictions also provide that any lot owner "shall have the right to prevent or stop a violation of any section of said restrictions by injunction or other lawful procedure and to recover any damages awarded as a result of such violation"; that irreparable harm, damage and injury will be suffered by plaintiffs unless defendants' acts are enjoined and defendants be required to remove the sign; and that plaintiffs have no adequate remedy at law.

The answer admitted the ownership of the respective lots as alleged in the petition by plaintiffs and by defendants and that the restrictions were as set out in the petition. The answer denied the allegations in

the petition dealing with plaintiffs' adequate remedy at law and that unless defendants are enjoined and required to remove the sign plaintiffs will suffer irreparable injury. By way of further answer defendants admitted that the sign alleged in the petition was erected but deny that it is a "large commercial sign" and also deny any portion of that lot has been converted to commercial use. Defendants' answer also alleges the sign is not a commercial sign but is a temporary directional signal for highway traffic which does not violate the restriction. In this portion of their answer defendants refer to the "remaining portion of Lot 7" and state: " * * * the balance of lot 7 was taken for highway purposes."

Plaintiffs then filed a "Request for Admissions" and by defendants' answer thereto it was agreed the sign shown in a photograph attached to the Request for Admissions was, a fair and accurate representation of the sign involved and that the wording shown in that photograph was the wording that did in fact appear on the sign.

Thereafter plaintiffs filed their motion for a summary judgment giving notice to counsel in the motion. Defendants filed a motion and notice of cross-motion for summary judgment which was in the identical language with the proper changes necessitated by the different position of the parties. This "Motion and Notice of Cross-Motion for Summary Judgment" was supported by the affidavit of Mr. Rott, one of the defendants. That affidavit recited he was one of the defendants and was the owner of the lot involved; "that the Missouri Highway Commission has taken for highway purposes all of the Lots in Block Two of said subdivision, except part of Lot 8, all of 9 and 10 on the West side of said Highway; that said Highway I-55 was opened for traffic purposes to State Highway 141 since about December of 1966; that on the portion of the property owned by the affiant, he has erected a directional sign as shown on the picture

exhibit and that said directional sign is directed to the traffic and motorists operating southward on Highway I-55; that the sign abuts the relief road connecting with State Highway 141 and runs along the West side of Highway I-55; that said sign is a directional sign and is not a commercial sign board and that said covenants and restrictions filed of record contain no inhibitions against the use of land for signs and bill boards; that the use of said sign is not for business or commercial purposes and causes no inconvenience in the immediate area and is of a beneficial nature, in that it directs the highway traffic on I-55 to the intersection of State Highway 141. (SIGNATURES OMITTED)"

The trial court overruled defendants' motion for summary judgment and sustained plaintiffs' motion therefor and issued its "Permanent Injunction Decree". By that decree the defendants were ordered to "immediately tear down and remove the sign"; they are "perpetually enjoined and restrained from using or permitting their Property of Lot 7, Block Two to be used for purposes other than residential purposes as set out in the restrictions in Block Two of Arnold Terrace Subdivision as recorded in the Office of the Recorder of Deeds for Jefferson County, State of Missouri in Book 258, page 135"; and defendants and all persons claiming under them or acting under their direction or authority "are hereby perpetually enjoined and restrained from erecting, causing or permitting the erection or maintenance of any sign on their property in Block Two of Arnold Terrace Subdivision."

■■ Two of the allegations of error contained in defendants' brief go to the issue of whether or not this is a proper case for summary judgment. The first allegation of prejudicial error reads as follows: "(A) The form and substance of plaintiffs' combined notice-motion for summary judgment; (B) That the procedure for summary judgment by Rule 74.04 is entirely inappropriate and should not be used in an eq-

uitable action for restraining or mandatory court order and injunction." A further and more elaborate development of Points A and B follows but neither refers to any action of the trial court. See Civil Rule 83.05(e), V.A.M.R. The transcript discloses this contention was never presented to the trial court in any form. It is not even contained within the memorandum filed by defendants in support of their motion for summary judgment. Since the contentions found in this allegation of error are first raised on appeal without giving plaintiffs any opportunity to rebut them in the trial court, and the trial court had no opportunity to rule upon them, they are not properly preserved for our ruling in this appeal. Wood v. James B. Nutter & Company, Mo., 416 S.W.2d 635, l.c. 639[4]. In addition, it is obvious this allegation of error is so worded as to be in violation of Civil Rule 83.05(e), supra. Neither is defendants' second allegation of prejudicial error properly stated to comply with that rule. However, given a liberal reading in conjunction with Paragraph 4 of the motion for new trial, it can be determined the issue defendants attempt to raise is that there is a substantial issue of fact to be decided and therefore granting of the motion for summary judgment would be in violation of Civil Rule 74.04(h), V.A.M.R. Motions for summary judgment are to be entered by the court if upon a consideration of the pleadings and admissions, together with the affidavit filed, there is shown to be no genuine issue as to any material fact and the prevailing party is entitled to judgment as a matter of law. Civil Rule 74.04, supra; Cooper v. Finke, Mo., 376 S.W.2d 225; Brown v. Prudential Ins. Co. of America, Mo.App., 375 S.W.2d 623.

■ As is apparent from the pleadings and admissions set out earlier in this opinion, there is no issue of material fact to be decided. Ownership of the lots involved by the respective parties is admitted; the existence of the sign and the wording thereon as set out earlier herein is admitted; and the existence of the restrictions is admitted. The only issue found in the pleadings, admissions, and the affidavit which is susceptible to a construction it raises a factual issue arises from defendants' contentions the sign is of a beneficial nature as a directional sign and is not a "commercial sign". While defendants have repeatedly referred to a "commercial sign" or "commercial purpose", those terms are not pertinent to the lot here involved under the restrictions as written. Those restrictions are clear and unambiguous and simply mean that with the specific exception of four named lots all the lots in the subdivision are "* * * restricted for private residential purposes only * * *." The lot here involved is not one of the four named lots which may be used for either "* * * residential or commercial purposes". The determinative issue in this case does not depend upon whether the sign serves a beneficial purpose as a "directional" sign rather than a "commercial" sign. The issue is whether the erection and maintenance of this sign on this lot violates the restrictions in that the lot is used for other than "private residential purposes". It follows that while defendants' contention the sign is for directional rather than commercial purposes may raise an issue of fact, the issue is not of material fact.

■ Defendants also contend the reference in their answer to the "remaining portion of Lot 7" and the statement the balance of the lot had been taken for highway use raised an issue of fact. We cannot agree. The petition alleged defendants' ownership of a "portion of Lot 7" and the answer merely affirms such ownership and explained what happened to the balance of the lot. The affidavit of Mr. Rott is even less specific and merely alleges the State Highway Commission has taken for highway purposes all of the lots in this block of the subdivision except part of Lot 8 and all of Lots 9 and 10. Defendants' brief fails to state the factual issue they contend was raised under these

circumstances and we cannot conceive of any issue arising from such statements considered in the light of the allegations of plaintiffs' petition. We hold there is no genuine issue as to any material fact to be found in the pleadings, admissions, or the affidavit.

The allegations above stated do go to the issue of law raised under defendants' third and fourth specifications of prejudicial error. The third presents defendants' contention the result of the action of the State Highway Commission in taking for highway purposes all of the lots in this block of the subdivision except Nos. 9 and 10, owned by plaintiffs, that portion of Lot 8 owned by defendants, and that part of Lot 7 upon which the sign here involved was erected, was to effect such a radical and fundamental change in the character of the subdivision as to defeat the purpose of the restriction relegating the use of the lots to residential purposes only, rendering that restriction void and unenforceable in equity.

This is an attempt to present the so-called "change in the neighborhood" doctrine. See American Law Institute, Restatement, Property, Vol. 5, § 564, wherein it is stated: "Injunctive relief against violation of the obligations arising out of a promise respecting the use of land cannot be secured if conditions have so changed since the making of the promise as to make it impossible longer to secure in a substantial degree the benefits intended to be secured by the performance of the promise." The benefits sought to be secured by the restrictions involved in the instant appeal were those flowing from lot ownership in a subdivision the lots of which were restricted to use for "private residential purposes only". The erection of billboards has been viewed as violative of such a restriction. See cases collected in 20 Am.Jur.2d, § 201, p. 771, at Note 3; annotation in 41 A.L.R. 760; Noel v. Hill, 158 Mo.App. 426, 138 S.W. 364; and Owenby v. Boring, 38 Tenn.App. 540, 276 S. W.2d 757. In any event, in the instant ap-

peal there is no proof in the pleadings or Mr. Rott's affidavit which would authorize this court to conclude the taking of these other lots by the State Highway Commission renders (applying the language of the Restatement) "* * * it impossible longer to secure in a substantial degree the benefits intended to be secured by the performance of the promise." Neither the answer nor the affidavit contains any allegation there has been any change in the residential character of the subdivision as a result of a condemnation of many of the lots in Block Two. There was neither allegation nor proof there had been any commercial encroachment in this subdivision other than the sign here involved. Taking the record in the light required of us by the nature of a summary judgment proceeding we cannot hold there is such proof present as to call for the application of the so-called "change in the neighborhood" doctrine. Those interested in cases calling for a proper application of that doctrine may refer to Eilers v. Alewel, Mo., 393 S.W.2d 584, 1.c. 590; and Mathews Real Estate Co. v. National Printing & Engraving Co., 330 Mo. 190, 48 S.W.2d 911, 81 A.L.R. 1039. See also the annotations in 54 A.L. R. 812–813 and 4 A.L.R.2d 1111. In the instant appeal the only proof was that all the lots in this block of the subdivision except Lots 9 and 10 and a portion of Lots 7 and 8 had been taken by condemnation. Such proof is not sufficient to bring this case within the "change of neighborhood" doctrine as defendants urge.

Defendants' last allegation is that the trial court was in error in issuing the injunction for the reason the performance of the restrictions here involved has been made impossible by operation of law. In support thereof defendants cite from 26 C. J.S. Deeds § 156b, Note 76 on p. 1069, to the effect that where performance of a condition is made impossible because of condemnation of the property, compliance therewith is excused. With the exception of Eilers v. Alewel, supra, the cases cited by defendants are those involving deeds

wherein a condition subsequent becomes incapable of a performance without the fault of the grantee. The issue presented was whether the non-performance defeats the fee granted by the deed or causes a reversion to the grantor or his heirs. Neither these cases nor Eilers v. Alewel, supra, are controlling upon the issue presented for our decision by the instant appeal.

Nothing appears in the pleadings or the affidavit of Mr. Rott that would have justified the trial court in determining the performance of the restriction here involved has been rendered impossible as a result of the condemnation of other lots in this block of the subdivision. As previously stated in this opinion, all that appears from the pleadings and the affidavit is that certain lots were taken by condemnation and certain were not, and that among the latter is that portion of Lot 7 upon which this sign was erected. This lot is restricted for "private residential purposes only". Condemnation of some of the other lots in this block of the subdivision does not in and of itself render the performance of that restriction impossible.

There is some indication in defendants' brief that what they seek to raise by this allegation is the contention that condemnation of a portion of Lot 7 has rendered it impossible to place a house on the remaining portion. There is an indication in defendants' brief that there are some restrictions on the residences which require at least 800 sq. ft. but this is merely a statement in the brief and nowhere appears in the pleading or affidavit to which we are restricted. From the record as we must take it, it is impossible to determine whether a house can be erected on the lot or not. If it cannot, that would perhaps be a matter to be considered in determining damages in the condemnation proceeding; but in view of the pleadings and proof to which our view is restricted in a summary judgment proceeding, that fact certainly is not so presented as to compel the lifting of this restriction.

There are no allegations of error going to the wording or extent of the injunction. The judgment is affirmed.

WOLFE, P. J., concurs.