**Ruth WATSON and Donald Watson, Plaintiffs-Appellants,**

v.

**McGRAW–HILL, INC., a corporation, et al., Defendants-Respondents.**

No. 57338.

Supreme Court of Missouri, Division No. 2.

April 8, 1974.

David E. Evans, St. Louis, for appellants.

Carter, Bull, Baer, Presberg & Lee, George E. Lee, St. Louis, for respondent, Joseph Godi, etc.

Hocker, Goodwin, Koenig, Gibbons & Fehlig, Edward K. Fehlig, St. Louis, for respondent, National Cleaning Contractors.

HENLEY, Presiding Judge.

This is an action in two counts by a wife and her husband for damages (1) for personal injuries allegedly suffered by the wife as a result of a fall on premises of defendant McGraw-Hill, Inc., and (2) for the husband's resultant loss of consortium. The total amount sued for is $90,000. On separate motions of the defendants, summary judgments were entered in favor of

**367**

each, and plaintiffs appealed[1] before January 1, 1972. We reverse and remand.

Allegations of plaintiffs' petition are, in substance, that at about 6 o'clock on the morning of March 13, 1968, Mrs. Watson was walking from an adjoining parking lot to her place of employment in the McGraw-Hill building; that as a result of negligence of defendants she fell and was injured while attempting to cross a pile of snow; that in clearing the parking lot area of snow the previous day and night, defendants negligently so piled it along the edges of and between the lot and the sidewalk as to create a dangerous and hazardous condition across the path normally taken by Mrs. Watson and others enroute to their employment from the parking lot, without warning of such condition. Defendants' answers were a general denial and a charge of contributory negligence. In ruling on the motions for summary judgment the trial court had before it the pleadings, defendants' answers to interrogatories, and the deposition of plaintiff, Ruth Watson.

The answers to interrogatories disclose that defendants, Joseph Godi and National Cleaning Contractors, Inc. were employed by McGraw-Hill to remove snow from the parking lot and sidewalks and were engaged in doing so on March 12 and 13, 1968.

Mrs. Watson testified in her deposition that on March 12 and 13 she was employed by Interstate United Food Company, operator of a cafeteria in the McGraw-Hill building; that it snowed on March 12 and defendants were removing it from the parking lot when she left work that afternoon; that when she returned the next morning, March 13, "* * * it was fairly light" and she could see; that she parked her car on the lot near the only entrance leading directly to the part of the building in which she worked; that a sidewalk and ramp lead to this entrance; that in the process of removal of snow, defendants had piled it between the parking lot and the sidewalk, leaving no opening or path in the pile through which she and other employees could walk from the lot to the sidewalk; that the pile was about a foot high and two or three feet wide; that she saw the pile of snow; that she tried to cross the pile to the sidewalk near the ramp; that to get across she had to step on the pile; that when she stepped on the soft snow her foot went "down some distance," slipped on what she believes was ice under the snow, and fell forward and broke her left arm; that when she came to she "* * * got up and started to take a step and * * * fell backwards."

In reviewing a case in which summary judgment has been entered we consider the record in the light most favorable to the party against whom the judgment has been rendered. Blackburn v. Swift et al., 457 S.W.2d 805, 807 (Mo.1970); Cooper v. Finke, 376 S.W.2d 225, 228[2] (Mo.1964).

Quoting from Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, the court said in Cooper v. Finke, supra (376 S.W.2d at p. 229), that " 'Summary judgment will not usually be as feasible in negligence cases, where the standard of the reasonable man must be applied to conflicting testimony, as it is in other kinds of litigation.' " The court also said in Cooper v. Finke, supra, at l.c. 229: "As its name indicates, a summary judgment is an extreme and drastic remedy and great care should be exercised in utilizing the procedure. Traylor v. Black, Sivalls & Bryson, Inc., 8 Cir., 189 F.2d 213, 216[6]; Garner v. Triangle Publications, Inc., D.C., 97 F. Supp. 546, 549[6]; John Wright & Associates, Inc., v. Ullrich, D.C., 26 F.R.D. 19, 20[1]; 35B C.J.S. Federal Civil Procedure § 1135, p. 525. Although it is useful

[1]. On November 8, 1971, the appeal was dismissed as to the defendant-respondent, McGraw-Hill, Inc., leaving Joseph Godi and National Cleaning Contractors, Inc., as the sole defendants-respondents.

and beneficial in many situations, it cannot be substituted for a conventional trial of factual issues 'unless the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law.' Civil Rule 74.04(h) V.A.M.R.; Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458."

Defendants assert that "[t]he salient fact of this case is that * * * [Mrs.] Watson * * * saw the pile of snow before she stepped on it and fell." From this fact, defendants argue that as a matter of law plaintiffs may not recover, because (1) since this pile of snow, obviously created by its removal from the parking lot, was likely to contain ice upon which she could slip and fall, she knew its dangerous condition as well as defendants knew it, and there was no duty to warn; and (2) that she negligently failed to use ordinary care for her own safety by stepping on the pile of snow.

Under this record we can not say as a matter of law that there are not issues of fact to be determined by a trier of fact. Nor may we say that defendants are shown by unassailable proof to be entitled to judgment.

█ As to the condition created by defendants piling snow and ice across the path Mrs. Watson would have to take to reach her employment, it may not be said, as a matter of law, that she knew this condition was dangerous or that she was as aware of such danger as were defendants. Admittedly, she saw the pile of snow and she knew defendants had removed snow and ice from the area, but that is not to say she knew this pile contained ice, that ice made it dangerous, and, therefore, she knew the dangerous condition of the pile. A pile of snow of the size described in the evidence is not inherently dangerous. Whether or not this pile was dangerous and Mrs. Watson knew its danger and whether, under the circumstances, she was negligent in attempting to cross the pile, are issues for determination by the trier of

facts. There are genuine issues of material fact in this case which preclude summary judgment.

The judgment is reversed and the cause remanded.

All of the Judges concur.