Maxine ALLEN and William S.
Allen, Appellants,

v.

ST. LUKE'S HOSPITAL OF KANSAS
CITY, Respondent.

No. KCD 27780.

Missouri Court of Appeals,
Kansas City District.

Dec. 8, 1975.

Motion for Rehearing and/or Transfer
Denied Jan. 12, 1976.

Application to Transfer Denied
March 8, 1976.

John C. Russell, Raytown, John R. Oliver, Overland Park, Kan., for appellants.

John M. Kilroy, W. James Foland, Kansas City, of Shughart, Thomson & Kilroy, Kansas City, of counsel, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

SHANGLER, Judge.

The petition of the plaintiff Maxine Allen alleged that while a patient at the defendant St. Luke's Hospital of Kansas City, the defendant negligently selected and transfused her with contaminated blood, so that she contracted serum hepatitis and suffered damage. Her husband also claimed damage for loss of consortium by a separate count of the petition.

The answer of the defendant was a general denial and a plea of limitations on the contention that the blood was selected and administered to plaintiff on or before May 22, 1971, and that the petition filed on May 23, 1973, was barred by the two year limitation period of § 516.140, RSMo 1969. [See, *Laughlin v. Forgrave*, 432 S.W.2d 308 (Mo. banc 1968) which governs on the question of hospital malpractice limitations.]

In the course of trial preparation, the defendant under Rule 59.01 requested that plaintiffs admit as true that

a. The blood used in the transfusion referred to in the plaintiffs' petition was selected on or before May 22, 1971 [and]

b. the plaintiff Maxine Allen received the blood by transfusion referred to in plaintiffs' petition on May 22, 1971

to which the plaintiffs responded

a. presumably true although not in peculiar knowledge of plaintiffs

b. two transfusions were received on May 22, 1971, and a transfusion service of some kind was performed on May 24, 1971.

The defendant followed with a motion for summary judgment on the contention that the claims were barred by the two year limitation of § 516.140, RSMo 1969. The motion was supported by the request for admissions and the responses made, but also by an affidavit of David Mack, here rescripted:

STATE OF MISSOURI }
} SS
COUNTY OF JACKSON }

AFFIDAVIT OF DAVID MACK

I, DAVID MACK, Being a duly appointed representative of St. Luke's Hospital of Kansas City and duly sworn upon my oath, state the following:

That Maxine Allen while a patient at St. Luke's Hospital of Kansas City, received two (2) blood transfusions.

That the two (2) blood transfusions were given on May 22, 1971, and that the blood used in these transfusions was selected on or before May 22, 1971.

That Maxine Allen received no further blood transfusions while a patient at St. Luke's Hospital of Kansas City.

That the "transfusion service" referred to by Plaintiffs, Maxine Allen and William S. Allen, in their Answers to Defendant's Request for Admissions, was in fact a blood test and was not a blood transfusion of any kind.

/s/ David Mack
DAVID MACK

The motion for judgment was supported, also, by reference to the pleadings, to the affidavit of Dr. William F. Benson, who attended the plaintiff wife, and to the medical record of the plaintiff wife presented under the affidavit of Tom Hamilton, Medical Records Coordinator for the defendant hospital.

The trial court found that the petition was based on the claim that the defendant hospital was negligent in the selection and transfusion of blood, that the blood was selected and administered to plaintiff on or before May 22, 1971, and none thereafter, and that the suit filed on May 23, 1973, was not brought within two years from the date of the act of neglect charged and thus was barred by the terms of § 516.140, RSMo 1969.

 A motion for summary judgment is an appropriate method by which to assert limitations in bar of a petition. *Gruenewaelder v. Wintermann,* 360 S.W.2d 678 (Mo.1962). Summary judgment may be rendered only when the pleadings, depositions, and admissions on file, together with affidavits and any other proof show that there is no genuine issue of material fact

and that judgment should issue as a matter of law. Rule 74.04(c); *O'Leary v. McCarty,* 492 S.W.2d 124, 129[6, 7] (Mo.App.1973). The burden is upon the movant to show this proof by unassailable evidence. *Brooks v. Cooksey,* 427 S.W.2d 498, 500[2] (Mo.1968).

 The summary judgment rule allows a movant to meet this burden of proof by means of affidavit, but only if made on personal knowledge and competent testimony. In terms, Rule 74.04(e) requires that

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

On these criteria, the affidavit of David Mack, described by his oath only as "a duly appointed representative of St. Luke's Hospital of Kansas City", but without a declaration of personal knowledge of the facts alleged, was without probative value on a motion for summary judgment. The allegation of the affidavit that "the 'transfusion service' referred to by [plaintiffs] in their Answers to Defendant's Request for Admissions, was in fact a blood test and was not a blood transfusion of any kind" was not competent evidence to dispute the response of the plaintiffs, and should not have been considered by the trial court. *F. S. Bowen Electric Co. v. J. D. Hedin Construction Co.,* 114 U.S.App.D.C. 361, 316 F.2d 362, 364[2] (1963); *Mercantile National Bank at Dallas v. Franklin Life Ins. Co.,* 248 F.2d 57, 59[1] (5th Cir. 1957).[1] The genuine issue of fact remains: whether the "transfusion service" administered to the plaintiff on May 24, 1971, was, as her response to the admission request of defendant contends, a transfusion of blood. If so, the petition avoids the bar of limitations.

---

1. Rule 74.04, which governs Missouri practice on summary judgment derives from Rule 56 of the Federal Rules of Civil Procedure. In the absence of local authority on the sufficiency of proof by affidavit under the rule, the Federal decisions on this aspect of that procedure are particularly persuasive on the construction to be accorded the Missouri counterpart. *Lynch v. Webb City School District No. 92,* 418 S.W.2d 608, 617[13–15] (Mo.App.1967).

The affidavits of Hamilton, custodian of the medical records of the defendant hospital, and of Dr. William Benson do not otherwise dispel the issue of fact. They suffer from the same deficiency.

 The affidavit of Tom Hamilton recites only that as the duly authorized custodian of the medical records of the defendant hospital, he prepared the complete medical record of the plaintiff wife from the date of admission to discharge. This declaration, presumably intended to qualify the medical record appended to the affidavit as a business record [under § 490.680, RSMo 1969] on the proof for summary judgment, fails that purpose because there was no showing that the record was made in the regular course of business, among other requirements of the statute. The document was inadmissible as a business record [*Conser v. Atchison T. & S. F. Railway Co.*, 266 S.W.2d 587, 592[12, 13] (Mo. 1954).

The remaining affidavit in terms alleged:

I, Dr. William F. Benson, being duly sworn, state and depose as follows:

1. That I was one of the attending physicians for Maxine B. Allen during her treatment at St. Luke's Hospital of Kansas City from May 18, 1971 to June 12, 1971.

2. That Maxine B. Allen, as indicated by her medical record, received two blood transfusions during her treatment at St. Luke's Hospital, both given on or before May 22, 1971.

3. That Maxine B. Allen was given no further blood transfusions while a patient at St. Luke's Hospital from May 18, 1971 to June 12, 1971.

/s/ William F. Benson, M.D.
DR. WILLIAM F. BENSON

It is evident from the declaration that Dr. Benson was only one of the physicians who attended plaintiff Maxine Allen and that his testimony concerning the transfusions was not on personal knowledge but merely a reference to medical records. An affidavit which relates information gained from other documents relates hearsay, not such facts as would be admissible in evidence, and is not sufficient to support a motion for summary judgment. Rule 74.04(e); *Wellhouse v. Tomlinson*, 197 F.Supp. 739, 740[2] (S.D.Fla.1961); *Dean Construction Co. v. Simonetta Concrete Construction Corp.*, 37 F.R.D. 242, 245[2, 3] (S.D.N.Y.1965).

Divested of the support of these affidavits, the summary judgment is not established as a matter of law by unassailable proof, and should have been denied by the trial court. On review, we accord the party against whom summary judgment was given every favorable intendment of the record. *Pagan v. City of Kennett*, 427 S.W.2d 251, 253[1–4] (Mo.App.1968). The issue remains whether the transfusion service administered to the plaintiff by the defendant hospital on May 24, 1971, involved the selection and transfusion of blood by the defendant and thus tolled the statute of limitations on the causes of action pleaded by the petition.

The cause is reversed and remanded.

All concur.