Henry SHANNON, Respondent,

v.

**WASHINGTON UNIVERSITY,**
**Appellant.**

**No. 39715.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 21, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 15, 1978.

---

Joseph M. Kortenhof, St. Louis, for appellant.

Frank B. Green, St. Louis, for respondent.

CLEMENS, Judge.

Defendant has appealed a $10,000 judgment entered pursuant to a verdict for plaintiff who was injured when he slipped and fell on defendant's icy sidewalk. Defendant challenges the submissibility of plaintiff's evidence.

During the night of December 11, 1972 and continuing through the next afternoon, the St. Louis area experienced an ice storm, intermittent but severe, resulting in a widespread glaze of ice. At defendant's campus a ground crew began work early in the morning to remove the ice by chipping and salting the walkways and parking lots. By 4:00 o'clock the campus was relatively clear, although some icy patches remained.

The defendant's policy was to keep the campus open 24 hours a day, 365 days a year, regardless of weather conditions. The class in which plaintiff was enrolled remained open and attendance was compulsory, there being a penalty for failure to attend.

Plaintiff reached the campus with no difficulty, arriving early for his class. Carrying his books and class materials, plaintiff

went first to his advisor's office, from there to his professor's office, and then to the student cafeteria to buy a sandwich. In doing so, plaintiff necessarily had to cross the campus walkways from one building to another. He testified he felt safe and but for a few scattered patches of ice he felt the campus was in safe condition. It was only when leaving the cafeteria building that plaintiff ran into difficulty. He had to leave the building through a glass door, walk down a few steps, and traverse what appeared to be a cleared area. While walking across this "cleared area," he slipped and fell. Getting up, he noticed the apparently clear area was actually a sheet of ice. The extent of plaintiff's injuries and the size of his verdict are not challenged.

The issue on appeal is whether the evidence made a submissible case of liability. Defendant contends it does not for two reasons. First, that there was no showing defendant had sufficient time to remove the ice from the sidewalk, after cessation of the ice storm. Secondly, defendant contends the condition of the sidewalk was open and obvious, as well known to plaintiff as to defendant and that plaintiff was therefore contributorily negligent in failing to observe the condition and take suitable precautions.

■ Defendant's first contention erroneously likens a private university's duty of care to that of a municipality. *Gudorp v. City of St. Louis,* 372 S.W.2d 483[4–9] (Mo. App.1963). Not so. The defendant's obligation to exercise ordinary care to keep its premises in a reasonably safe condition is that of a private landowner. *Hulahan v. Sheehan,* 522 S.W.2d 134[3–6] (Mo.App. 1975); *Corley v. Andrews,* 349 S.W.2d 395[1–2] (Mo.App.1961). The large size of defendant's property does not absolve it from its duty to invitees. To hold otherwise would place the size of the property in issue in all such cases ·involving private landowners. Clearly, the court in *Gudorp* did not contemplate such a result. There was therefore no need to specifically demonstrate defendant had sufficient time to remove the ice from the sidewalk because

such a showing is only mandated in cases where a *municipality* is charged with liability. *Gudorp, supra.* That issue was for the jury on the submitted issue of defendant's negligence.

■ An invitation to enter private premises carries with it a duty to invitees to maintain in a reasonably safe condition those areas intended for the invitees' use. *O'Connell v. Roper Electric Co., Inc.,* 498 S.W.2d 847[1–4] (Mo.App.1973); *Evans v. Sears, Roebuck and Co.,* 104 S.W.2d 1035[3–5] (Mo.App.1937); *Hulahan, supra,* [5–7]. Construing the evidence in a light most favorable to plaintiff, it was sufficient to submit the case on the question of whether defendant breached its duty to plaintiff to use ordinary care to keep the walkway in a reasonably safe condition. *Corley, supra,* [2].

■ Defendant next contends the case should not have been submitted to the jury since the evidence demonstrated the condition of the sidewalk to be "open and obvious," as well known to plaintiff as to defendant. Generally, each case depends on its own circumstances. There is no precise formula by which to determine whether or not a condition is so "open and obvious" one is bound to see it. *O'Connell, supra,* [4]. However, it is well established that the challenged condition must be so obviously dangerous that a reasonably prudent individual would not attempt it. *Newberry v. City of St. Louis,* 335 Mo. 1, 70 S.W.2d 546[1–3] (1934). The facts here preclude such a finding. Plaintiff testified the sidewalk looked clear, he felt safe walking upon it, and did not notice its icy condition until he fell. Further, defendant's maintenance superintendent, charged with the responsibility to clear the walks, testified he had observed the particular area in question several times that day and saw ice patches. This leads to the conclusion plaintiff was not so aware of the sidewalk's condition as to comprehend the danger, and would also charge defendant with at least constructive knowledge of the presence of ice.

Defendant was not entitled to a directed verdict by virtue of this evidence because

**238**

one's knowledge of the general condition from which the danger arose (i. e., the ice storm) does not necessarily constitute knowledge and appreciation of the specific danger involved, that is, the ice at the spot where plaintiff fell. *Davidson v. International Shoe Co.,* 427 S.W.2d 421[4] (Mo. 1968). Before a plaintiff can be denied submission of his case to the jury, a defendant must show plaintiff had knowledge of the danger posed by the area of the sidewalk where plaintiff fell. See *Sprague v. Riley,* 427 S.W.2d 263[3–6] (Mo.App.1968). Such a showing is lacking here, and therefore the issue of plaintiff's contributory negligence was properly submitted to the jury.

In sum, the jury could have believed plaintiff's submission the sidewalk was not reasonably safe; that defendant knew but plaintiff did not know of the unsafe condition; that defendant did not exercise ordinary care to remove the ice at the place of plaintiff's injury. (MAI 22.03). And, the jury could have disbelieved defendant's submission that plaintiff failed to keep a careful lookout. (MAI 32.01).

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.