**Billy Joe MASSEY, Appellant,**

v.

**Darrell Ray HAMILTON and Lawrence E. Hawkins Contractors, Inc., Respondents.**

**No. KCD 30269.**

Missouri Court of Appeals, Western District.

June 11, 1979.

There the "private pleasure type automobile . . . (excluding motorcycle and farm machinery)" was held to include a company-owned bus!

James C. Butcher, Columbia, for appellant.

Roland P. Walker, Columbia, counsel for respondent, Lawrence E. Hawkins Contractors, Inc., only.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Direct appeal from summary judgment.

█ Review of this cause is made pursuant to Rule 74.04(c). Because summary judgment is of such a severe nature and rests upon the premise that as a matter of law, no issue of fact exists, when the review of such action is made, it gives the party against whom summary judgment was entered every accord in the matter. See *Allen v. St. Luke's Hospital of Kansas City*, 532 S.W.2d 505 (Mo.App.1975), appeal dismissed 429 U.S. 804, 97 S.Ct. 37, 50 L.Ed.2d 65 (1976); that such review is made as in any other bench tried case, see *Kerr v. Grand Foundries, Inc.*, 525 S.W.2d 783 (Mo. App.1975).

Appellant presents two points on this appeal, alleging trial court error in granting summary judgment when an issue of genuine fact existed and further, the court erred in granting summary judgment because separate respondent Lawrence Hawkins did not show by unassailable proof that there was any genuine issue of fact. For purposes herein, both points raised by appellant can be taken up and considered together, for they address the same general question.

The original petition herein rests upon a claim for personal injuries arising from a collision between appellant while on his motorcycle, and a truck owned by Roger Hamilton, but at the time of the collision, being operated by respondent, Darrell Hamilton. The collision occurred July 3, 1975.

Roger and Darrell Hamilton are brothers and their residence is in the state of Kentucky. The record fails to reflect the exact date that they were hired by respondent, Lawrence E. Hawkins Contractors, Inc., to work at the Mark Twain Mine, seven miles north of Columbia, Missouri. It can be assumed from the briefs and record that both had been hired and on the payroll, for on the date of the collision, the evidence shows both had received their wages from their employer.

At the time of initial employment, respondent Darrell Hamilton, was hired by respondent Lawrence E. Hawkins Contrac-

tors, Inc., and the employer paid mileage to the employee to come to Missouri from Kentucky. The brother, Roger, tagged along, hopeful of being employed, and his employment subsequently occurred. The brothers took up temporary residence in a trailer in Columbia, Missouri.

During the period of employment, the truck owned by Darrell Hamilton was used by him for the benefit of the employer to run errands for spare parts and other duties during the work day. Darrell Hamilton had no valid Missouri operator's license and there was no insurance on the truck. The evidence revealed that the employer made no inquiry of licensure or insurance, but at the time of initial employment, he merely paid mileage to the employees to defer the newly hired employees' initial expenses to the job site.

The events of the day, July 3, 1975, must be reviewed in resolving the issues raised by appellant.

Darrell and Roger Hamilton went to work. At approximately 4:30 p. m., they ended their work day and were paid their wages. They departed the job site, went to their trailer to change clothes and to clean up in preparation for their trip to Kentucky to celebrate the 4th of July holiday weekend. Their plans included picking up two fellow employees for the purpose of giving these fellow employees a ride to their fellow employees' home in the State of Illinois. While en route to pick up their co-workers, the collision occurred.

The petition herein joined respondents as co-defendants. Darrell Hamilton failed to file a timely answer and is in default. The petition alleged that Darrell Hamilton was at the time of the collision ". . . the duly authorized agent, servant and employee of defendant Lawrence E. Hawkins Contractors, Inc., acting within the scope of his employment and authority."

█ The record refers to the depositions of both respondents wherein disclaimer is made that Darrell Hamilton was, at the time, within the scope of his employment. The mere denial of such fact by the respon-

dents would not, unto itself, justify the entry of a summary judgment, but rather, the evidence reflecting the respective roles of both respondents at the time of collision is the controlling factor.

■ The record clearly shows at the time of the collision Darrell Hamilton and his brother were participating in acts in furtherance of their exclusive personal plans and not engaged in any act at the direction of their employer, nor was the employer the direct or indirect beneficiary of the employees' plan to travel to Kentucky for a holiday weekend.

Both brothers had ended their work day, been paid their wages, proceeded to their temporary residence, changed clothes and made preparations for a personal trip home for the holiday weekend.

■ One standard to be applied in determining the employer or master's liability for the tortious conduct of his employee or servant and the one most applicable to the facts herein, is the so-called "going to or from rule". See *Gardner v. Simmons,* 370 S.W.2d 359, 364 (Mo.1963) wherein the Supreme Court held, "[O]rdinarily an employee going to or returning home from his place of employment is not engaged in the prosecution of his employer's business during either trip."

This standard, however, is not absolute and the law will not permit the employer or master to escape his responsibility if the employer is benefited during the course of the coming or going. See *Pyles v. Bos Lines, Incorporated,* 427 S.W.2d 790, 794 (Mo.App.1968).

"However, the test to be applied in determining whether an employer can be held liable for an employee's act is, not whether said act was done during the term of the employment, but whether it was committed in the prosecution of the employer's business." loc. cit. 794

After declaring the above, the court went further in saying,

" ' . . . If at said time the employee has departed from his work to accomplish some purpose of his own, not connected with his employment, the relation of employer and employee is thereby temporarily suspended and the master is not liable for his employee's acts during the period of suspension . . . ' "

■ The further argument of appellant that "[W]here one of two innocent persons must suffer for the wrong of a third, the loss should fall on the one who enabled the third person to do the wrong," lacks necessary merit because it incorrectly presumes that the employer in this case had the means to either prevent the trip by the employees, or in the alternative, that in some manner the employer was a party to the trip by the employees. There is nothing in the record to even suggest, let alone establish, validity for such a presumption.

■ As to the fact that the employer herein was and presumably still is engaged in employing people in various parts of the country, and as a part of that employment pays said employees mileage to reach the job site upon initial employment, does not force the conclusion that the employer stands responsible for the tortious conduct of his employee under each and every situation. To arrive at such a conclusion would, in fact, make employers the insurers of their employees. This is not the intent of an employer-employee relationship, but rather, such relationship is based upon the interaction of each to the other in carrying out the design and purpose of the employer while at the same time affording employment to the employee.

There is no evidence in this case to establish the relationship of employer-employee or master-servant relationship between respondents at the time of the collision. Quite the contrary, the evidence clearly establishes the employer-employee relationship had been suspended. The employees were exclusively carrying out the design of their own personal plans. The employer benefited neither directly nor indirectly by the acts of the employees at the time of this collision. Under the rule of *Pyles v. Bos Lines Incorporated, supra,* the acts of the employees herein were not done to further the prosecution of the employer's business.

As to appellant's claim against defaulting respondent Darrell Hamilton, appellant is left to his remedy by virtue of the default, but as to the issue of employer-employee or master-servant relationship between respondents, there was no question of fact to be resolved as a matter of law between the parties on this question. The action by the trial court was for all reasons proper and the judgment is affirmed.

All concur.