**Richard L. COLBERT, Appellant,**

v.

**MUTUAL BENEFIT LIFE INSURANCE COMPANY, a corporation, Respondent.**

**No. WD 31000.**

Missouri Court of Appeals, Western District.

Nov. 3, 1980.

Motion for Rehearing and for Transfer to Supreme Court Denied Dec. 2, 1980.

2.  *Barrie v. Whitten* in original reporter.

Richard L. Colbert, Kansas City, pro se.

Michael J. Jerde and Michael C. Manning, of Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is an original action against insuror seeking recovery of medical expenses and damages for refusal to pay pursuant to § 375.420, RSMo 1978. This appeal is from an entry of summary judgment. The judgment is affirmed.

Appellant presents two points of error, which in summary allege (1) the circuit court erred in finding no genuine issue of fact in dispute between the parties; and (2) the circuit court erred in failing to consider specific terms of the insurance policy providing coverage for preexisting conditions.

Review of this cause is upon the whole record, and this court will not reverse the trial court's judgment if that judgment is correct, even though such judgment is based upon an incorrect or insufficient basis, see *Spires v. Lawless*, 493 S.W.2d 65 (Mo.App.1973).

Pending this appeal, respondent filed a motion for damages for frivolous appeal pursuant to Rule 84.19. The motion was ordered taken with the case. The motion is taken up, overruled and the request for damages sought therein is denied.

These proceedings were initiated in associate circuit court. Respondent filed its responsive pleading denying coverage and the issues were joined. Judgment was en-

tered for appellant, and respondent appealed the matter to the circuit court. Pending disposition in circuit court, discovery proceedings were completed. Both parties filed motions for summary judgment. The circuit court entered summary judgment for respondent insuror and this appeal followed.

The discovery proceedings by respondent included the deposing of appellant and Dr. Louis Manuel, attending physician for dependent son of appellant. The discovery revealed that appellant's son had suffered from an eye impairment since 1968 and had been treated by Dr. Manuel for the disorder. The policy of insurance originated through appellant's completion of an application referred to as an enrollment card dated June 15, 1976. This enrollment card, in addition to requiring the identification of the name insured (appellant) and dependents of the named insured, called for the disclosure of any preexisting physical conditions of the named insured and dependents for a preceding five (5) year period. Disclosure of any impairment due to illness or injury was requested. The enrollment card provided for a yes/no block answer format in response to the questions asked. The pertinent questions asked on the form, along with the responses thereto, are shown as follows:

"3. Have you (or your eligible dependents) consulted or been treated by a physician, surgeon, or other practitioner in the last five years?    /x/Yes  / /No

5. Do you (or your eligible dependents) have any physical impairment or deformity or reason to believe you are not in sound physical condition?    / /Yes  /x/No"

In a provided space upon the enrollment card, explanation of any preexisting illness or injury was requested. The only entry referenced was a prior physical examination of appellant insured. No reference or explanation concerning appellant's dependents was provided.

The record further reveals that appellant's son was seen by Dr. Manuel on June 4, 1973, January 24, 1975, August 26, 1975, September 20, 1975, October 17, 1975, November 7, 1975, February 21, 1976, January 4, 1977 and January 13, 1977, at which time Dr. Manuel performed an evisceration upon the left eye of appellant's son.

Appellant made claim under the policy. During the processing of the claim, appellant was asked to disclose the name and address of the school which his son attended. Appellant responded to the request by a handwritten note affixed to the bottom of respondent's letter. The pertinent part of this letter read, "He (appellant's son) had to drop out because he could not read because of pain in the left eye. He has been treated by Dr. Manuel continuously . . ."

Respondent continued its inquiry into the prior eye condition of appellant's son and on June 1, 1977, respondent informed appellant by letter that it was denying the claim. This letter included a reprint of two sections of the policy. These two sections were E–4 Essential Data and E–5 Misstatement of Essential Data. The letter further advised appellant that when he signed the application (enrollment card), no prior treatment for his son was indicated. The letter advised appellant that information secured from Dr. Manuel (the enrollment form authorized respondent access to all medical records of appellant and appellant's dependents) showed appellant's son to have been under Dr. Manuel's care since 1974, and that such care was for a condition which, if same had been disclosed, would have led to the declination of coverage for appellant's son.

Following this letter, appellant appealed the claim denial, and the matter in its entirety was reviewed by respondent's Medical Director who, after review, affirmed the previous denial.

This action then followed and appellant sought recovery upon and for medical expenses, along with damages for refusal to pay for medical treatment attending to and "as a result of severe pain in the left eye originating after January 1, 1977."

In response to the original petition, respondent alleged an affirmative defense of no policy coverage due to a misrepresenta-

tion of a material fact upon application for coverage. Motions for summary judgment by both parties followed. Included within respondent's motion were references to treatments (and dates) by Dr. Manuel for appellant's son. In addition, attached thereto were the personal affidavits of respondent's Medical Director and Senior Medical Underwriter. These affidavits verified personal knowledge of the medical history and condition of appellant's son ascertained from hospital records, physicians records and testimony upon oath of Dr. Manuel.

Appellant disputes the validity of the above–referred–to affidavits, and further argues the existence of a genuine issue of fact as a result thereof, in addition to the fact that coverage exists under yet another portion of the policy. These two broad–based arguments encompass appellant's points alleged on this appeal.

It is argued by appellant that upon consideration of appellant's deposition and affidavit, such evidence conflicted with the evidence offered by respondent. It is further argued by appellant that such conflict gives rise to the existence of a genuine issue of fact between the parties and hence, the trial court could not enter a motion for summary judgment in respondent's favor. In support of this argument, appellant relies upon *Morris v. Continental Casualty Company*, 423 S.W.2d 42 (Mo.App.1967). The *Morris* case does not control in the instant proceeding because the court, in *Morris*, concluded that a genuine issue of fact did exist because the claim presented by the insured was based upon a condition which arose subsequent to the effective date of the policy. In the instant proceeding, when the motions, affidavits and depositions are read in their entirety, it is evident that the condition for which appellant's dependent was treated predated the effective date of the policy. As will be observed infra, appellant claims a further genuine issue of fact existed between the parties by direct attack upon the supporting affidavits filed by respondent.

From the outset, the point should be made that no evidence exists upon this record, and it is not even suggested, that any fraudulent misrepresentation is alleged involving appellant. Indeed, the contrary is clearly pointed out in the following excerpt from respondent's suggestion in support of its motion for summary judgment. This excerpt reads,

" . . . is not claiming that plaintiff [appellant] intentionally or fraudulently misstated, omitted or misrepresented the essential information sought by the subject Enrollment Card."

The trial court correctly ruled that as a matter of law, there existed no genuine issue of fact in dispute as between the parties. The evidence on this record in the form of affidavits, pleadings and depositions clearly reveals that upon the application form (enrollment card) there was a misrepresentation of a material fact. Supplemental to the enrollment card are the medical records and testimony under oath of Dr. Manuel which unequivocally establish a preexisting condition.

Under our law, a misrepresentation of a material fact "renders a transaction voidable as to the person making it and all who stand in no better position," *Miller v. Plains Insurance Co.*, 409 S.W.2d 770, 773 (Mo.App. 1966), see also *American Fire & Indemnity Co. v. Lancaster*, 415 F.2d 1145 (8th Cir. 1969). A material misrepresentation has been determined, " 'by whether the fact, if stated truthfully, might reasonably have influenced the insurance company to accept or reject the risk or to have charged a different premium, and not whether the insurer was actually influenced . . .' [citation omitted]. A fact is considered material when it appears that the insurer would have increased the premium or refused to issue the policy altogether," see *Weekly v. Missouri Property Ins. Placement Facility*, 538 S.W.2d 375 (Mo.App.1976), citing *Miller v. Plains Insurance Co., supra.* See also *Ettman v. Federal Life Ins. Co.*, 48 F.Supp. 578 (E.D.Mo.1942); *Kirk v. Metropolitan Life Ins. Co.*, 336 Mo. 765, 81 S.W.2d 333 (1935).

Appellant argues that the supporting affidavits of respondent's Medical Director and Senior Medical Underwriter do not eliminate the existence of a genuine issue of fact between the parties, and in support thereof, cites to this court *Allen v. St. Luke's Hospital of Kansas City*, 532 S.W.2d 505 (Mo.App.1975), appeal dismissed, 429 U.S. 804, 97 S.Ct. 37, 50 L.Ed.2d 65 (1976). The *Allen* case stands for the rule that a movant for summary judgment may meet the burden of proof in support thereof by affidavit only if such affidavit be made upon personal knowledge and competent testimony. In the *Allen* case, an affidavit was held to have failed to meet the burden of proof, but what appellant overlooks is that the affiant in *Allen* purported to confirm the veracity of the information within the affidavit absent any reference or support from and upon any competent admissible evidence. The affiants in the instant case had access to and made use of competent admissible evidence in the form of hospital and medical records pertaining to the treatment of appellant's son, in addition to the testimony upon oath by Dr. Manuel related to the same subject. Additionally, the affidavits (unlike that found in the *Allen* case) in the instant case serve as confirmation that denial of coverage would have occurred if disclosure of the condition of and the treatment of appellant's son had been provided. The *Allen* case is distinguished from the instant case and is found not to be controlling.

When the entirety of the evidence on this record is reviewed, and it is in the form of the pleadings, affidavits, the insurance policy, application form and deposition, the only issue that conceivably could exist between the parties is whether or not a misrepresentation of a material fact occurred at the time appellant applied for coverage. The documents upon this record establish that such material misrepresentation occurred. Point one is ruled against appellant.

Appellant, in his final point, argues that the major medical portion of the policy binds respondent to coverage. The pertinent policy language is as follows:

"CMM8 LIMITATIONS . . .

(j) Any injury or sickness or a related injury or sickness for which an insured individual, who was not required to submit evidence of insurability satisfactory to the Company prior to becoming insured, has consulted with a licensed physician or received any medical care or services within the three month period immediately before becoming an insured individual, unless incurred after the expiration of a period of:

(i) Three consecutive months during which the insured individual has not consulted with a licensed physician or received any medical care or services for such injury or sickness or related injury or sickness, or . . ."

Appellant presents his argument upon the portion of the foregoing provision which says "three consecutive months during which . . ." The difficulty with appellant's contention is that the language referred to is contingent upon the qualifying language to be found in subparagraph (j) of CMM8, which says *"who was not required to submit evidence of insurability satisfactory to the Company prior to becoming insured . . ."* (emphasis added)

The applicability of CMM8 and subparagraphs (j)(i), (j)(ii), and (j)(iii) does not relate to the instant case because the application form (enrollment card) required the provision of such information pertaining to the health and medical history of appellant and his dependents to determine the insurability of appellant and his dependents.

In support of his argument that CMM8 and subportions thereof are applicable and binding upon respondent, appellant alleges that respondent must prove appellant's state of mind at the time the application form (enrollment card) was completed. In support thereof, appellant cites to this court *Bohm v. Fidelity & Casualty Company of New York*, 399 S.W.2d 450 (Mo.App.1966). The *Bohm* case is found not to be controlling, for in that case, unlike the instant case, the question upon the application form

was, "To the best of your knowledge and belief (a) are you in sound condition mentally and physically?" Bohm, *supra*, at 451.

In *Bohm*, the court analyzed the above question and when carefully studied, it is clear such question calls for a subjective or "state of mind" response. The question in *Bohm*, however, is separate and distinct from the questions asked of appellant on his own health status and that of his dependents as is shown by the above–referred–to questions from the application form (enrollment card). Hence, the *Bohm* case is distinguishable and not controlling.

■ The net result is that CMM8 and subportions thereof are not applicable under the particular facts and circumstances of the instant case because at inception, (i. e., completion of the enrollment card), the evidence of insurability regarding appellant and his dependents was required. Further, as has been discussed herein, there was a misrepresentation of a material fact.

The circuit court correctly found there was no genuine issue of fact in dispute as between the parties, and upon that premise, the circuit court properly and correctly entered summary judgment pursuant to Rule 74.04 to the favor of respondent.

For the reasons set forth herein, the judgment is in all respects affirmed.

All concur.