Susan B. THOMPSON and Hazel M. Thompson, Plaintiffs–Appellants,

v.

Alva Jess PARKER and Automobile Club Inter–Insurance Exchange, Defendants–Respondents.

No. 61941.

Supreme Court of Missouri, En Banc.

Dec. 15, 1980.

James T. Cook and Michael W. Manners, Paden, Welch, Martin, Albano & Graeff, P. C., Independence, for plaintiffs–appellants.

Gordon R. Gaebler and Charles R. Svoboda, Svoboda & Gaebler, P. C., Kansas City, for defendants–respondents.

RENDLEN, Judge.

Susan and Hazel Thompson brought suit against the Automobile Club Inter–Insurance Exchange (Auto Club) under the uninsured motorist provisions of an insurance policy on the automobile owned by Hazel. Their claim arose from a single vehicle accident occurring when the car was driven by defendant Alva Parker. The trial court sustained a motion for summary judgment, concluding that counts III and IV,[1] ad-

---

1. The petition sounded in four counts. Counts I & II against the driver of the automobile, Alva Parker, alleged his negligence and prayed damages for personal injuries. Counts III & IV sought damages from the Auto Club under the provisions of the policy's uninsured motorist clause, issued by that defendant to Hazel Thompson as the owner and named insured. Summary judgment was entered only as to Counts III & IV. Counts I & II remain undisturbed.

dressed to defendant Auto Club, failed to state a cause of action. The appeal, first considered by Western District of the Court of Appeals, was transferred after opinion that we might determine the effect of § 379.203, RSMo 1978, Missouri's "uninsured motorist" statute, in the context of the facts presented here. Section 379.203, RSMo 1978, requires that liability insurance covering liability arising from ownership of a motor vehicle must provide by its terms coverage for the protection of insureds who suffer personal injury by owners or operators of uninsured motor vehicles.

■ In this review, the parties against whom summary judgment was entered must be accorded every favorable intendment of the record. *Allen v. St. Luke's Hospital of Kansas City*, 532 S.W.2d 505 (Mo.App.1975), appeal dismissed, *cert. denied*, 429 U.S. 804, 97 S.Ct. 37, 50 L.Ed.2d 65 (1976).

The automobile in question, owned by Hazel Thompson, was insured by respondent Auto Club under a policy providing uninsured motorist coverage mandated by § 379.203. While driving the automobile with the owner's permission, defendant Alva Parker lost control and struck an embankment causing the injuries alleged to Hazel Thompson and Susan her daughter, who rode as guests in the car. By their amended petition the Thompsons stated that the policy named plaintiffs as insureds[2] and afforded them coverage under its uninsured motorist provision, that the automobile operated by Parker was an "insured automobile" and that the Auto Club had denied coverage to the plaintiffs under the *liability provisions* of the policy,[3] and hence, Parker was an uninsured driver. It was also alleged that plaintiffs had complied with all the policy's terms, sustained

damages as a result of their injuries and that the Auto Club was liable to them under the policy's *uninsured motorists provisions.*

Plaintiffs first contend the trial court erred granting summary judgment "because the court misinterpreted the language of said respondent's policy relating to uninsured motorist coverage" and because "by its plain terms the policy defines an 'uninsured automobile' as one with respect to which the liability insurer denies coverage so that the uninsured motorist coverage was operative." Further, "any language that tends to exclude coverage under the uninsured motorist coverage in respondent's policy is ambiguous and should be construed against respondent."

■ We have compared the terms of the insurance contract in question with those examined in the consolidated cases of *Betty Harrison v. MFA Mutual Insurance Company* and *Kathy Pridgen v. MFA Mutual Insurance Company*, recently decided by this Court, reported 607 S.W.2d 137, and find the pertinent contract provisions considered in *Harrison* and *Pridgen*, the same in essence as those at bar. Also the arguments here as to interpretation of the contract's terms approximate those of plaintiffs in *Harrison* and *Pridgen* and the authorities cited here were discussed and their significance considered by this Court in those consolidated cases. While plaintiffs with much justification assert that the language of the insurance contract is not without ambiguities and that such ambiguities are to be construed against the insurer, *Reese v. Preferred Risk Mutual Ins. Co.*, 457 S.W.2d 205 (Mo.App.1970), similar arguments were leveled at relevant portions of the policy provisions in *Harrison* and *Pridgen*, and the holdings there appear dispositive of the issue

---

**2.** Under the policy's uninsured motorist provision, the Auto Club agreed to pay (within prescribed limits) "all sums which the assured ... shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile ... sustained by the assured ..."

**3.** It is admitted that plaintiffs are "assureds" under the policy's terms and that the liability portion of the policy excludes coverage for

"bodily injury to any assured or any member of the family of an assured residing in the same household as the assured." Under this exclusion the Auto Club denied liability coverage. In sum, though Parker was afforded liability protection, this protection did not extend to Parker insofar as claims by the assureds (plaintiffs) might be asserted.

now before us. We hold that the policy's terms considered in the light of *Harrison* are not so ambiguous as to permit a conclusion that the exclusion of an insured vehicle from application of the uninsured motorist clause is unenforceable. Accordingly, this contention is denied.

█ Next plaintiffs contend the language of the insurance contract in question, relied on by the court in defining "an uninsured automobile", is contrary to public policy expressed in RSMo § 379.203. A strong argument was made in *Harrison* and *Pridgen* (reflected in part in the dissent in *Harrison*) and again by these plaintiffs that the legislature mandated by enactment of § 379.203, RSMo 1978, that an insurance company provide within its automobile liability insurance policies, uninsured motorist coverage "designed to protect innocent injured parties from negligent, uninsured tortfeasors." Further, that such was the purpose of the uninsured motorist statute and accordingly that "the definition of 'uninsured automobile' or 'uninsured motor vehicle' found in a policy of automobile insurance issued in this State [should not be allowed to] restrict the coverage provided thereunder to a less degree than that required by Section 379.203." While these attractive arguments are not without persuasive effect, they parallel and are essentially those rejected in *Harrison* and *Pridgen*. We need not lengthen this opinion by reiterating the position announced by the Court in those cases, except to suggest the anomalous results flowing from the statute render it ripe for reexamination by the legislature. Accordingly, plaintiffs' contention is denied and the judgment of the trial court is affirmed.

MORGAN and HIGGINS, JJ., concur.

DONNELLY, J., concurs in result.

WELLIVER, J., concurs in part and dissents in part in separate opinion filed.

SEILER, J., concurs in separate opinion of WELLIVER, J.

BARDGETT, C. J., dissents.

WELLIVER, Judge, concurring in part and dissenting in part.

I concur in the result reached by the principal opinion.

I dissent from the pronouncement in the opinion that there are "anomalous results flowing from the statute [which] render it ripe for reexamination by the legislature".

An anomaly, like beauty, frequently is found only in the eye of the beholder.